Green, J.
delivered the opinion of the court.
This action is founded upon the following instrument of writing, viz. “One day after date I promise to cut and cord four hundred and twenty cord, good merchantable wood, for David Shields & Co., at any place they may see proper, for value received, this 21st day of July, 1834.
“Stephen Massy.”
The declaration sets out the covenant, and alleges, that the defendant had broken the same in not having cut said wood, as he was bound by his covenant to do. To this declaration the defendant pleaded, that the plaintiff never made any demand on him to cut the wood nor gave him notice of the place where he saw proper to have the wood cut. To this plea the plaintiff demurred, and the demurrer was sustained by the court.
It is now insisted, that this judgment was erroneous, because it was incumbent upon the plaintiff to designate the place where the wood should be cut, as a condition prece *79 dent to the performance of the work by the defendant, and that the performance of such precedent condition must be averred and proved in order to entitle the plaintiff to recover
It is certainly true, that where, in a covenant, a precedent condition exists, the party whose duty it is to perform it,must aver and prove its performance before he can recover for the non-performance of the subsequent condition. But we do not think there is such precedent condition in this-contract.
The defendant undertook to cut the wood for Shields & Co., at any place they might see proper. We must construe this covenant according to the natural order in which the parties would act in fulfilment of it. Shields had no power to control Massy’s actions, or to cause him to go to the place where it was desired the wood should be cut, in order that it might be pointed out to him. Massy may have gone off immediately after affixing his signature to the writing; and it certainly never was intended by the parties that Shields should send him a written notice to cut the wood, designating therein the place where it was to be cut. The idea that such notice was to be given, is negatived by the fact, that the 420 cords of wood were to be cut one day after the date of the covenant, thus specifying in the contract the time when it was to be performed. Nor would it have been easy to designate, in a written notice, the place where it was desired the wood should be cut, with such accuracy as would enable Massy certainly to cut it, where the obligees saw proper. These remarks are made, that it may the more plainly appear that the stipulation, that the wood should be cut where Shields might see proper, does not constitute a condition precedent on the part of Shields to show the place.
Shields was not bound to act until Massy should come and offer to commence the work and desire to be shown where it was to be performed. Had he done so, and Shields had then failed to show the place, he would have been excused, provided he had continued ready to perform the work whenever the place should be pointed out. We think, therefore, the plea is bad, and that the demurrer was properly sustained.
Affirm the judgment.